O'CONNOR-SULLIVAN, INC., Plaintiff, *v.* WILLIAM F. SHAW, Defendant.

City Court of Albany, June 4, 1962.

*Philip G. Coffey* for plaintiff. *Herzog, Nichols, O'Brien & Leahy* (*Jacob H. Herzog* of counsel), for defendant.

HAROLD SEGAL, J. This action was instituted on March 23, 1962, by the service of a summons and verified complaint, wherein the plaintiff alleges that on or about February 15, 1960, plaintiff and the defendant entered into an exclusive real estate contract for the sale of premises, 302 Loudonville Road, Loudonville, New York. The contract further provided that the plaintiff broker would list the property with the Albany Realty Board for a multiple listing, and further provided if, within six months after expiration of the agreement, or any extension thereof, property should be transferred, sold or exchanged with any one whom the broker previously exhibited or offered for sale or showed the property, during the period of the agreement or extension thereof, then commissions would be paid to the broker. The original listing expired on September 1, 1960, and on September 2, 1960, an agreement, in writing, extended the exclusive contract to September 1, 1961. Both the original and extended agreement indicated the defendant would accept a tenant at a rate of rental agreed upon.

The plaintiff negotiated a lease for one year and a subsequent lease, thereafter, for two years, with one George Farley, and prior to the expiration of the second lease, and on or about September 18, 1961, the defendant entered into a contract with the same George Farley for the purchase of premises, 302 Loudonville Road, Loudonville, New York, for the sum of $30,000; closing to be held on or before January 15, 1962. The closing date was extended to April 1, 1962.

The defendant has not filed an answer herein, but on the 28th day of March, 1962, moved this court for an order dismissing the complaint on the ground it does not state facts sufficient to state a cause of action in that it alleges that the contract set forth therein provided that the plaintiff is not entitled to a commission unless the property is "transferred or sold or exchanged" within six months after the termination of the contract, and that the property has not been sold or transferred or exchanged within the six-month period therein provided.

The pleadings before the court are the summons and verified complaint, notice of motion by the defendant, memorandum by the defendant and answering memorandum by the plaintiff.

It is conceded that the subsequent purchaser of the premises was produced by the plaintiff broker, but that the actual conveyance or transfer by deed was not made until April 1, 1962, or one day after the extension period provided in the contract terminated.

The defendant contends that there is no compliance with the terms of the contract and that plaintiff has not earned commissions, since the actual conveyance took place after the termination of the contract. The plaintiff, in its answering memorandum, argues that the "pattern of conduct between the defendant and the purchaser legally constitutes a conspiracy to defeat the rights of the plaintiff to its earned commissions", but has failed to make any cross motion for leave to amend its pleadings.

The exclusive contract contained the wording "if during the term of this agreement, or any extension thereof, a transfer, sale or exchange of said property is made or effected or agreed upon by the owner" then commissions are due. In the contract with reference to the six-month extension period, the following words "made or effected or agreed upon" are omitted.

The court is of the opinion that during the extended period of the brokerage contract the intention of the parties is that there must be an actual sale or conveyance in order to recover commissions. If it were intended otherwise, different language could or should be incorporated in the agreement.

Motion granted and complaint dismissed without prejudice to institute a new action to recover for earned commissions on additional grounds other than breach of contract.